IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 07-9180-M-01 |
| ) | |
| WILLIAM J. MILLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Presently before the Court are two motions filed by Defendant: (1) Motion to Dismiss (Doc. 7); and (2) Motion for Release of Brady Materials (Doc. 8.) At the Court session on October 18, 2007, the Court inquired if the Government would be filing responses to these motions and set a date for any such filings of October 22, 2007. The Government has not filed a response to either motion. The Court has reviewed the motions and the authorities cited in the motions and is now prepared to rule.

### Motion to Dismiss

Defendant argues that the Government has failed to charge him under the proper statute in this case. The Information (Doc. 1) alleges a violation of K.S.A. 8-262 (2006 Supp.), but Defendant alleges that a more specific statute, K.S.A. 8-

287, should govern in this case.[1]

Exhibit A attached to the Motion to Dismiss establishes that on January 10, 2007, the State of Kansas suspended Defendant's driving privileges for a period of three months from January 9, 2007, for a violation in Geary County of driving while suspended under K.S.A. 8-262. Exhibit B establishes that on the same date the State of Kansas revoked Defendant's driving privileges for a period of three years from January 10, 2007, as an habitual violator under K.S.A. 8-286. Citing the cases of **United States v. LaPorta,** 46 F.3d 152 (2nd Cir. 1994) and **Bobb v. Attorney General of the United States,** 458 F.3d 213 (3rd Cir. 2006), Defendant argues that the Government should have charged Defendant under K.S.A. 8-287 (operating a motor vehicle while one's driving privileges are revoked pursuant to K.S.A. 8-286) because proceeding under the more general statute, K.S.A. 8-262, would render the specific statute, K.S.A. 8-287, superfluous. *See* **LaPorta,** 46 F.3d at 156; **Bobb,** 458 F.3d at 224. The Court agrees.

---

[1] The charges in this Court are pursuant to the provisions of the Assimilative Crimes Act, 18 U.S.C. § 13. Under that Act, a defendant who commits acts on a federal reservation or facility that are not specifically made punishable by an enactment of Congress, is guilty of a like offense and subject to a like punishment that would have applied had the same acts been committed within the State where the federal facility is located. Therefore, the Assimilative Crimes Act requires courts to impose sentences for assimilative crimes that fall within the maximum and minimum terms established by state law, although efforts to duplicate every last nuance of the sentence that would be imposed in state court has never been required. *See* **United States v. Garcia**, 893 F.2d 250, 254 (10th Cir. 1989).

While the Court has found no guiding case law in the Tenth Circuit, the Court agrees with the reasoning in *LaPorta* and *Bobb* and believes that the Tenth Circuit would rule similarly on this issue. Because K.S.A. 8-262 is a more general statute relating to driving while a person's driving privileges are "canceled, suspended, or revoked," while K.S.A. 8-287 applies only to situations involving driving while a person's driving privileges have been revoked as an habitual violator, the more general statute must give way to the specific statute.

The state court cases in Kansas which are cited by Defendant, *see* Doc. 7 at 6 n. 14, establish that this same reasoning would have applied had this case been brought in the Kansas courts. Moreover, as noted in *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985), where statutes are enacted at different times, rules of statutory construction require that old statutes must be read in light of later legislative enactments: an older statute must be harmonized with a newer one and, if a conflict exists, the older statute must be subordinated to the newer one. Here, the driving while canceled, suspended or revoked general statute, K.S.A. 8-262, has been on the books since 1937, while the driving while revoked as an habitual violator statute, K.S.A. 8-287, was only enacted in 1972. In enacting this more specific statute at a time when the conduct of driving while revoked was a long-established crime, the legislature must have intended the newer statute to control

instances involving habitual violators rather than the more general, older statute. Otherwise, there would be no reason to enact the newer statute.

Defendant also relies on the "rule of lenity" which is discussed in general terms in *LaPorta,* 46 F.3d at 156 (noting that when a choice has to be made between two readings of what conduct the legislature has made a crime, it is appropriate before choosing the harsher alternative, to require that the legislature has spoken in language that is clear and definite). Applying that rule, if the Government were allowed to charge Defendant with a third violation of K.S.A. 8-262 in this case, it would trigger the increased penalty set out in K.S.A. 8-262(c), which would require that the Defendant serve 90 days (or some combination of 48 hours confinement and either work release or house arrest) before being eligible for release on probation, suspension or reduction of sentence. Also, this would trigger a minimum fine of $1,500 under K.S.A. 8-262(c). However, if the Government is required to charge Defendant under K.S.A. 8-287 for what appears to be a first violation of that specific statute, there would be no such minimum sentence or minimum fine. Any such minimum sentence and fine would apply only if Defendant were found guilty of a third or subsequent conviction <u>under that specific statute</u> (K.S.A. 8-287). Thus, under the facts in this case, the penalty provisions for a first conviction of K.S.A. 8-287 are less severe than would be the

case for a third violation of K.S.A. 8-262.[2]  While that may, or may not, be the reason the Government chose to charge Defendant under K.S.A. 8-262, it is a factor that the Court must consider in construing the two statutes.

For all of the reasons discussed above, the court finds that Defendant's Motion to Dismiss (Doc. 7) should be, and is hereby, GRANTED, and this case is hereby dismissed, without prejudice.

## Motion for Brady Evidence

Because the Court is dismissing this case, Defendant's motion (Doc. 8) for an order directing the Government to provide defendant with any and all evidence which is required to be disclosed under ***Brady v. Maryland***, 373 U.S. 83 (1963) and ***United States v. Agars***, 427 U.S. 97 (1976) is MOOT.  If the Government chooses to re-file charges against Defendant under K.S.A. 8-287, it will be required

---

[2] Interestingly, before the legislature amended K.S.A. 8-287 in 1999, a first violation of K.S.A. 8-287 was classified as a severity level 9, nonperson felony. *See* 1999 KAN. SESS. LAWS, ch. 164, § 2.  Thereafter, it was classified as a Class A nonperson misdemeanor.  It was not until 2006, however, that K.S.A. 8-287 was again amended to add a minimum sentence and minimum fine provision for the third violation of that section which is virtually identical to the minimum sentence and fine provisions applicable under K.S.A. 8-262(c) for third and subsequent convictions under that statute.  See 2006 KAN. SESS. LAWS, ch. 211, § 11.  It is also interesting that the habitual violator statute does not contain the same 5 day minimum sentence and $100 minimum fine provision for a second conviction that is found in K.S.A. 8-262(a)(3).  However, the habitual violator statute, K.S.A. 8-286, does mandate a much more severe penalty concerning Defendant's driving privileges, since it requires a three-year revocation.  Under K.S.A. 8-262(b), the revocation or suspension of a defendant's driving privileges can not be extended more than 90 days.

to comply with the disclosure obligations set out in those cases.

    IT IS SO ORDERED.

    Dated at Wichita, Kansas, this 30th day of October, 2007.

                                          s/   Donald W. Bostwick
                                        DONALD W. BOSTWICK
                                        United States Magistrate Judge